ROBERT L. BLAND, Judge.
In this case claimant, R. L. James, seeks to obtain an award to reimburse himself for money paid for the repair of a 1941 Ford pickup truck after it had collided with a large stone or boulder which had fallen from a cliff or hillside on state route No. 21 in Wirt county, West Virginia, about seven-tenths of a mile from the Wood - Wirt county line. The accident occurred on Limestone hill on said road on Monday, June 21, 1942, at about 5:30 o’clock a. m. Mr. James, who is a welder by occupation and employed by the Carbon Carbide Chemicals Corporation in the city of Charleston, was returning to work after having spent the weekend at his home at Slate, a small village in Wood county.
It had rained throughout Sunday night and on Monday morning the road was wet and it was still drizzling rain and very foggy. He was driving at the rate of forty miles per hour and just after rounding a curve on Limestone hill and approximately from one hundred to one hundred and fifty yards from said curve a large stone or boulder had become dislodged from *344 a ledge of rock on a cliff on one side of the road. It appears from the evidence that claimant observed this obstruction in the road but thought that he would be able to go around it successfully and attempted to do so, but collided with the stone or boulder and wrecked his car, although the evidence shows that there was sufficient clearance on the right of the obstruction to pass around it in safety and avoid the collision. He is of opinion that the road commission was negligent in not removing the obstruction from the road and for that reason that he is entitled to an award for $120.50, which amount he was obliged to pay in order to have his vehicle repaired. It appears from the evidence that claimant was quite familiar with the road having been in the habit of traveling it every weekend for eighteen months past. It also appears that the state road commission had used reasonable care and diligence in maintaining the road at the point of the accident. It is shown that about two weeks previous to the accident a crew of road commission employees had made a thorough investigation of the conditions of the ledge from which the stone had apparently fallen and had removed all loose rock from the hillside, and that everything had been done at that time, that it was possible to do, to prevent the falling of rocks from the embankment side of the road. It further appears from the evidence that on Friday preceding the occurrence of the accident on Monday, a further investigation of the condition of the hillside had been made and that there was at that time nothing to indicate the likelihood of rocks falling onto the roadside. We are impressed by the fact that the road commission had been diligent in its efforts to make the road safe for the traveling public and that the accident which occurred to' claimant’s truck was in no respect attributable to any negligence on its part.
We deem it unnecessary to further detail the evidence heard upon the hearing of the claim, all of which has been carefully examined and considered, and under all of the circumstances disclosed by the record we are of opinion that there is no liability on the part of the state to pay the claim contended for by Mr. James.
The claim is denied and an order will be entered accordingly.